UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                  Case No. 25-CR-8-JPS-SCD

LI XING,
KAIYU HUANG,
SHAWN M. SENTER,
JASON A. WNUK,
KEVIN M. EISENHAUER,
SHELTON K. THORNTON,
SKYLAR V. TRUMBO,
JOHN W. PERRY, and
ADHAM B. BLANDIN,

    Defendants.

## PROTECTIVE ORDER REGULATING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Upon the motion of the United States, ECF No. 44, and pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the court finds that good cause has been established to enter a protective order regulating the use, dissemination, and disposition of information that may be disclosed during the proceedings in this case.

**IT IS ORDERED THAT**:

(1) The discovery materials including investigative reports, witness interviews, audio recordings, etc., will be made available to the defense attorney. The defense attorney will be provided with a single copy of the materials. Said materials may mask the identification of cooperating witnesses, as well as the addresses, telephone numbers, and other identifying information relative to those persons. As additional materials become available, and/or it

becomes appropriate for the identity of certain persons to be disclosed, the attorney will be notified by the United States Attorney's Office, and one copy of the additional materials will be made available to the defense attorney.

(2) Defendants and counsel of record for the defendants ("defense attorneys") shall use the subject discovery materials only to prepare a defense in this case, including investigation, trial preparation, trial, and appeal. The subject discovery materials shall not be used or distributed for any other purpose, or in connection with any other proceeding, without further order of this court.

(3) The defense attorney may make copies of the discovery materials as necessary to prepare the defense of the case. All discovery materials, including necessary copies, shall remain under the control of the defense attorney. Discovery materials, while in the custody and control of the defense attorney, may be reviewed by the defendant represented by a defense attorney, licensed investigators employed by the defense attorney, and any other individuals deemed necessary by the defense attorney. Copies of a statement or statements of a particular witness produced in discovery may be relinquished to licensed investigators employed by the defense attorney for limited periods of time as necessary to facilitate an investigation interview with that witness. Unless otherwise ordered above, the discovery materials shall not be physically relinquished to any third party, including clients, investigators, or any other individual.

(4) The government will make all reasonable arrangements with the institution where the defendant is held in state or federal custody so that a set of discovery materials can be maintained at the institution for inspection by the defendant; however, this will not include

discovery designated as "SENSITIVE." The defendant shall be prohibited from copying the materials or otherwise obtaining or maintaining copies of any such materials and shall be prohibited from transporting any of these materials to their cellblock.

(5) The government may designate certain records containing evidence that depicts confidential sources or cooperating witnesses or that contains the personal identifying information of witnesses and defendants or other sensitive or private information of witnesses and defendants (including reports, documents, phone data, recordings, and photographs) and all copies or reproductions of the same as "SENSITIVE." "SENSITIVE" discovery materials will be made available to the defense attorneys. The defense attorneys will be provided with one copy of the subject discovery materials.

(6) All "SENSITIVE" discovery materials, include all copies or reproductions of the same, shall remain under the control of the defense attorney. "SENSITIVE" discovery materials, while in the control of the defense attorney, may be reviewed only by the defendants, licensed investigators employed by the defense attorney, and other professionals affiliated with the defense attorneys.

(7) Copies of the discovery materials filed with the court must be filed under seal to retain the confidential nature of the materials unless consent to filing in the public record is obtained from an attorney for the government. Upon (i) conclusion of all stages of this case and (ii) the termination of the defense attorneys' ethical obligations vis-à-vis file retention, the discovery materials shall be disposed of in one of two ways, unless otherwise ordered by the Ccourt. All discovery materials may be (i) destroyed, in which case the respective defense attorney shall

3

Case 2:25-cr-00008-JPS-SCD    Filed 03/05/25    Page 3 of 4    Document 46

notify the government's counsel that the subject discovery materials have been destroyed; or (ii) returned to the United States.

Nothing contained in this protective order shall preclude any party from applying to this court for further relief or for modification of any provision hereof.

**SO ORDERED** this 5th day of March, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge

4

Case 2:25-cr-00008-JPS-SCD    Filed 03/05/25    Page 4 of 4    Document 46